UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
PRISCILLA ALFONSO and              *      CIVIL ACTION
TERRY ALFONSO, JR.

versus                             *      NO. 06-8579

STATE FARM INSURANCE COMPANY       *      SECTION "F"
and ANDY DOWDEN
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is DENIED.

Background

Hurricane Katrina damaged the Alfonsos' home in St. Bernard, Louisiana.  The Alfonsos bought a homeowners' policy from State Farm through an agent in December 1983.  The policy was assigned to another State Farm agent, Bowden, in January 1989.[1]  The Alfonsos filed a claim, but State Farm refused to pay the claim.  The Alfonsos filed a lawsuit in state court on August 18, 2006, naming State Farm and Andy Bowden.  They asserted they were entitled to payment for the value of the homeowners policy, plus state law penalties.  The Alfonsos also asserted that the the agent, Bowden, was liable for negligence in procuring the insurance policy because he did not advise them of gaps in coverage,

---

[1] Bowden's last name is improperly identified in the complaint as "Dowden."

1

exclusions in their policy, and failed to procure enough insurance to cover any losses.

The defendants removed the case to this Court on October 19, 2006, invoking this Court's original diversity jurisdiction, arguing that Bowden had been fraudulently joined as a defendand to defeat diversity among the parties. The Alfonsos now move to remand, arguing that State Farm has not met its burden to show that Bowden has been improperly joined and that the parties meet the requirements for diversity jurisdiction.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  To determine whether jurisdiction is present for removal, the Court considers the claims

in the state court petition as they exist at the time of removal; any ambiguities are constructed against removal.  <u>Manguno v. Prudential Property and Casualty</u>, 276 F.3d 720 (5th Cir. 2002).  In the state court petition, the Alfonsos state that "Andy Dowden [sic], as agent, advised and recommended various policies, limits, and deductibles to plaintiffs <u>upon purchasing insurance</u>."  (Emphasis added.)  But Andy Bowden did not issue the policy to the Alfonsos in 1983.  Bowden was not assigned to be manager of the policy until 1989.  The Alfonsos make no claim in their petition that any new acts or omissions of negligence occurred after the purchase of their insurance policy.  Therefore, the Court finds that the plaintiffs have no reasonable basis for recovery, because they have not stated a claim against Bowden in their petition.

      Accordingly, the plaintiffs' motion to remand is DENIED.

      New Orleans, Louisiana, January 29, 2007.

```
                    _____
                       MARTIN L. C. FELDMAN
                    UNITED STATES DISTRICT JUDGE
```